# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JASMINA TUCOVIC, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:09-cv-148 |
| WAL-MART STORES EAST, L.P., et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is *pro se* Plaintiff Jasmina Tucovic's motion to appoint counsel, requesting that this Court appoint another attorney to represent her in this discrimination and retaliation case under Title VII and the Family Medical Leave Act ("FMLA"). (Docket # 81.) For the following reasons, Tucovic's motion will be DENIED.

### *A. Procedural Background*

This is Tucovic's second request for appointment of counsel, as early on in this case, on November 10, 2009, the Court granted her first request for counsel and recruited Attorney Shane Mulholland, an experienced litigator in employment law, to represent her. (Docket # 20-23.) After years of extensive, protracted litigation and after the relationship between Tucovic and Mulholland showed signs of strain, indeed, while a motion to withdraw was pending, the Court authorized Mulholland to take two depositions at the Court's expense (through the Library Fund) based on Tucovic's belief the depositions were important. (Docket # 77.) These efforts led to further diversion, however, and ultimately the Court granted Mulholland's motion to withdraw (Docket # 71), noting an "irreconcilable breakdown in the attorney-client relationship" (Docket # 80).

On March 12, 2012, Tucovic filed the instant motion to appoint counsel. (Docket # 81.) The Court took the motion under advisement and, on April 6, 2012, set this case for a status and scheduling conference on April 24, 2012, at 1:30 p.m. (Docket # 83.) On April 18, 2012, Tucovic filed a lengthy letter again complaining about her former attorney and informing the Court that she would not appear at the conference without representation. (Docket # 85.)

Indeed, Tucovic failed to appear at the April 24, 2012, hearing.[1] (Docket # 86.) Counsel for Defendants appeared in person, and Defendants were afforded until May 24, 2012, to file a motion for summary judgment in this matter. (Docket # 86.)

### B. *Applicable Legal Standard*

Tucovic seems to believe that she is entitled to an attorney, but civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Rather, district courts are empowered to appoint an attorney to represent a plaintiff without charge when she is "unable to afford counsel," 28 U.S.C. § 1915(e)(1), or in Title VII cases "in such circumstances as the court may deem just," 42 U.S.C. § 2000e-5(f)(1).

The Seventh Circuit Court of Appeals has instructed that several factors should be weighed by the district court when determining whether appointment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it herself. *Pruitt*, 503 F.3d at 654-58; *Sherrill v. Potter*, 329 F. App'x 672,

---

[1] Tucovic is advised that failing to attend a scheduling conference is sanctionable under Federal Rule of Civil Procedure 16(f)(1)(A).

2

675 (7th Cir. 2009) (unpublished) (applying the *Pruitt* factors in a Title VII case); *see also Darden v. Ill. Bell Tel. Co.*, 797 F.2d 497, 500-501 (7th Cir. 1986) (instructing the court to consider "the merits of the plaintiff's claim, the plaintiff's diligence in attempting to obtain a lawyer, and the plaintiff's financial ability to retain counsel" when considering a motion to appoint counsel under Title VII).

## *C. Discussion*

To reiterate, the Court previously appointed an experienced employment litigator to represent Tucovic in this action. Yet, that attorney was essentially forced to withdraw due to an "irreconcilable breakdown" in the attorney-client relationship. We also know that at least four attorneys initially chose to pass up the opportunity to represent Tucovic at the outset of the case. (*See* Docket # 22.) Of course, this is an indication that her claims may have little merit and that appointing another attorney will not make a difference in the ultimate outcome. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

Furthermore, Tucovic seems fully capable of litigating these claims herself at least through the summary judgment process. This suit is a relatively straightforward employment discrimination action: Tucovic claims that she was subjected to national origin discrimination while employed by Defendants and then retaliated against when she complained about it. (Docket # 40); *see, e.g.*, *Jagla v. LaSalle Bank*, No. 05 C 6460, 2006 WL 1005728, at *5 (N.D. Ill. Apr. 12, 2006) (denying plaintiff's request for counsel in a straightforward national origin discrimination case, observing that the issue did not involve any "nonintuitive procedural requirements applied in a setting of complex legal doctrine" (quoting *Hughes v. Joliet Corr. Ctr.*,

3

931 F.2d 425, 429 (7th Cir. 1991))). Alternatively or additionally, she alleges that Defendants violated her rights under the Family Medical Leave Act by failing to reinstate her and retaliating against her after she took a medical leave of absence. (Docket # 40); *see, e.g.*, *Fialho v. Girl Scouts of Milwaukee Area, Inc.,* No. 06-C-1218, 2007 WL 1246433, at *3 (E.D. Wis. Apr. 30, 2007) (denying plaintiff's request for counsel in FMLA case, noting that the legal issues presented by the matter were "not complex").

Moreover, Tucovic has already adequately articulated her claims (Docket # 1, 40), participated in a scheduling conference (Docket # 19), prepared numerous motions seeking specific relief (Docket # 2, 20, 22, 43, 81), and responded to Defendants' motions (Docket # 15, 17, 62). Based on these filings and observations of Tucovic in court, she has adequate communication skills, at least for purposes of representing herself, and, of course, has the freedom and ability to perform her own legal research. She also has knowledge of the basis, both factually and legally, of her claims. In addition, the discovery process is now over (Docket # 77), so at this juncture she only needs to respond to the anticipated motion for summary judgment.

In short, since it does not appear that appointing another attorney will make a meaningful difference in the outcome, and because Tucovic appears to be capable of representing herself through the next phase of this case, *see Zarnes*, 64 F.3d at 299, her motion will be DENIED.

### D. Conclusion

For the foregoing reasons, Tucovic's motion to appoint counsel (Docket # 81) is DENIED, and Tucovic is deemed to be representing herself in this action. She, of course, is free to attempt to secure counsel on her own. In the event her claims survive Defendants' anticipated

motion for summary judgment, the Court will then, upon request, reassess her request to appoint counsel.

SO ORDERED.

Enter for this 25th day of April, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge